IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-116

| | |
|---|---|
| SILVIA LUCCERINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNIVERSAL HEALTH SERVICES, INC. ) | |
| and KEYSTONE CHARLOTTE, LLC ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Plaintiff's Motion to Remand [D.I. 7, 8]. A Response to Plaintiff's Motion has not been filed and the deadline for Defendants to file a Response was March 30, 2012. Defendants did not request an extension to file the Response and made no representations to the Court regarding Plaintiff's Motion. Therefore, this matter is ripe for determination.

**I. BACKGROUND**

Plaintiff initiated this action by filing an Application and Order for Extension of Time to File Complaint with the General Court of Justice, Superior Court Division of Mecklenburg County, North Carolina, Civil Action No. 11-CVS-23166 on December 29, 2011 [D.I. 1-1]. On January 18, 2012, Plaintiff filed her Complaint with the Mecklenburg County Superior Court asserting claims for: (1) Wrongful Termination in Violation of Public Policy - Gender Discrimination and Retaliation and (2) Wrongful Termination in Violation of Public Policy - North Carolina Health Care Laws [D.I. 1-3].

On February 22, 2012, Defendants filed a Notice of Removal and filed an Answer on February 29, 2012 [D.I. 1]. In the Notice of Removal, Defendants assert federal question jurisdiction as the basis for removal because "Plaintiff's Complaint asserts causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII")." *Id*. Defendants further state that Plaintiff's Complaint referenced Plaintiff's EEOC administrative proceeding and alleged that Defendants discriminated against Plaintiff in violation of Title VII. *Id*.

On March 13, 2012, Plaintiff filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), in which Plaintiff clarified that her wrongful termination claims are based solely on violation of the public policy of the State of North Carolina, specifically N.C. Gen. Stat. §§ 143-422.1 *et seq.*, N.C. Gen. State. 122C *et seq.*, and N.C.A.C. Title 10A, Chap. 27 [D.I. 6].

## II. LEGAL STANDARD

A federal court possesses removal jurisdiction in "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States... without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of proving federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

The Plaintiff is the "master of her claims." *Thomas v. NC Dept. Of Human Res.*, 898 F. Supp. 315, 319 (M.D.N.C. 1995). The plaintiff can choose "not to assert any federal claim and thus thwart removal, even if the factual allegations might have sustained a federal cause of

action." *Id*. (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) and *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 24 (1913)). If plaintiff's claim is based on original federal jurisdiction, then "removal is improper unless resolution... necessarily turns on a substantial question of federal law..." *Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for S. Calif.*, 463 U.S. 1 (1983), *superceded by statute on other grounds*, 28 U.S.C. § 1441(e). Additionally, "when alternative state law and federal law theories support a plaintiff's claim, resolution of the claim does not require the court to reach a substantial disputed question of federal law and thus removal is improper." *Findlay v. PHE, Inc.*, no. 1:99-CV-00054, 1999 WL 1939246, at *2 (M.D.N.C. Apr. 16, 1999) (*citing Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)).

### III. ANALYSIS

Here, it is clear that remand is appropriate. Plaintiff's only claims are for wrongful termination in violation of stated North Carolina public policy in N.C. Gen. Stat. §§ 143-422.1 *et seq.*, 122C *et seq.*, and N.C.A.C. Title 10A, Chap. 27 [D.I. 6]. In her Amended Complaint, Plaintiff does not reference a single federal statute or federal public policy as the basis for her claims. *Id*. Furthermore, Plaintiff's wrongful termination claims are not preempted by federal law and their resolution does not turn on a "substantial, disputed question of federal law." *Id*. Thus, this Court lacks subject matter jurisdiction and remand is required.

Accordingly, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and this matter is hereby remanded to the Superior Court of Mecklenburg County, North Carolina.

3

Signed: April 6, 2012

Graham C. Mullen
United States District Judge